IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTIS MARK GUTHRIE, #224613                                          PLAINTIFF

v.                                     CIVIL ACTION NO. 3:23-cv-280-HTW-LGI

MISSISSIPPI PAROLE BOARD, ET AL.                            DEFENDANTS

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court *sua sponte*. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I. <u>BACKGROUND</u>

Pro se Plaintiff Curtis Mark Guthrie ("Plaintiff"), an inmate of the Marshall County Correctional Facility in Holly Springs, Mississippi, brings this Complaint under 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* ("IFP"). *See* Order [14]. As such, Plaintiff's Complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(e)(2)(B). As part of that screening, on October 5, 2023, the Magistrate Judge entered an Order [21] directing Plaintiff, on or before October 19, to file a written response providing specific information about his claims. Order [21] at 1. The Order [21] warned Plaintiff that failure to timely comply with the requirements of the Order or failure to advise this Court of a change of address would result in the dismissal of this case. *Id*. Plaintiff did not respond to this Order or otherwise contact the Court about this case.

On November 3, 2023, the Magistrate Judge entered an Order to Show Cause [22] which directed that, on or before November 17, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [21];

and (2) comply with the Court's previous Order [21].  Order [22] at 1.  The Order to Show Cause [22] warned Plaintiff that his "failure to advise this Court of a change of address or his failure to timely comply with this Order or any Order of this Court will result in the dismissal of this case without further notice to the Plaintiff."  *Id*.  Plaintiff did not respond to the Order to Show Cause or otherwise contact the Court about this case.

Since Plaintiff is proceeding *pro se*, the Court provided him with one final opportunity to comply with the Court's Orders.  On December 1, 2023, the Magistrate Judge entered a Final Order to Show Cause [23] which directed that, on or before December 15, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with two court orders; and (2) comply with the Court's prior Orders by filing a written response as set forth in the Order Requiring Plaintiff to Respond [21].  Order [23] at 1.  The Final Order to Show Cause [23] warned Plaintiff that his "failure to advise this Court of a change of address or his failure to timely comply with this Order or any Order of this Court will result in the dismissal of this case without further notice to the Plaintiff."  *Id*. at 2.  Plaintiff did not respond to the Order to Show Cause or otherwise contact the Court about this case.

On December 12, 2023, the postal service returned the Order Requiring Plaintiff to Respond [21] as undeliverable.  *See* Ret. Mail. [24].  Likewise, on December 22, 2023, the postal service returned the Order to Show Cause [22] as undeliverable, *see* Ret. Mail [25], and on December 27, 2023, the postal service returned the Final Order to Show Cause [26] as undeliverable, *see* Ret. Mail [26].

Plaintiff has failed to comply with three court orders.  The Court warned Plaintiff on numerous occasions that failure to advise the Court of a change of address or a failure to comply with the Court's orders would lead to the dismissal of this case.  *See* Final Order to Show Cause

[23] at 2; Order to Show Cause [22] at 1; Order Requiring Plaintiff to Respond [21] at 1; Order [6] at 2; Order [3] at 2; Not. of Assign. [2-3] at 1.

II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Plaintiff has not taken any action in this case since September 18, 2023. Plaintiff has failed to keep the Court informed of his current address and he has failed to comply with three Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit. The Clerk's Notice of Assignment [1-2] issued on April 27, 2023, and each subsequent Order contained nearly identical warnings regarding Plaintiff's obligations to keep the Court informed of his current address and to timely comply with court orders. The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply could result in the dismissal of this case. The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Dismissal

without prejudice is warranted.

III. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Complaint filed under 42 U.S.C. § 1983 is dismissed for Plaintiff's failure to prosecute and comply with the Court's Orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.

**SO ORDERED AND ADJUDGED**, this the 4th day of January, 2024.

/s/HENRY T. WINGATE<br>UNITED STATES DISTRICT JUDGE